# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

ROCKY D. BRIGHT,

    Plaintiff,

vs.

BERGSTROM LAW, LTD,

    Defendant.

Case No. 2:17–cv–01971–JAD–VCF

**ORDER**

MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 11)

Before the Court is Plaintiff Rocky Bright's Motion for Leave to File an Amended Complaint. (ECF No. 11). For the reasons stated below, Bright's motion is granted.

## BACKGROUND

On July 19, 2017, Bright filed a complaint against Bergstrom Law, Ltd. ("BLL"). (ECF No. 1). Bright asserted that BLL instigated an improper debt collection case on behalf of Arrowood Indemnity Company ("Arrowood") against Bright. (*Id.* at 4). Bright brought a Fair Debt Collection Practices Act claim against BLL. (*Id.* at 5).

BLL filed an answer to the complaint on October 20, 2017. (ECF No. 5). The Court entered a scheduling order in the case on November 8, 2017. (ECF No. 9). The deadline to file a motion to amend pleadings or add parties was January 18, 2018. (*Id.* at 2).

On January 16, 2018, Bright filed a motion to amend the complaint. (ECF No. 11). Bright seeks to "further clarify[y] Plaintiff's position and certain other allegations in the original Complaint"[1] as well as add Arrowood as a defendant. (*Id.* at 3). BLL did not file an opposition to the motion.

## DISCUSSION

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In addition, under LCR 47-3 "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion."

Because BLL did not file an opposition to Bright's motion, BLL has consented to the Court granting the motion. The Court also finds grounds to grant Bright leave to amend the complaint in this case. There is no apparent bad faith or undue delay in the motion for leave to amend. Bright filed the motion within the timeframe specified in the Court's scheduling order. The amendments do not appear to prejudice the defendants. Arrowood was mentioned in the original complaint, though it was not listed as a defendant. Bright added some clarifying information to the complaint regarding BLL. Bright did not change the claim brought against the defendants. Bright's amendments do not appear to be futile, and this is Bright's first motion for leave to amend the complaint.

ACCORDINGLY, and for good cause shown,

---

[1] Bright mentions a Rule 11 motion served on Bright by BLL. (ECF No. 11 at 3, ECF No. 11-2). However, BLL has not filed a Rule 11 motion in the case.

2

IT IS ORDERED that Bright's Motion for Leave to File an Amended Complaint (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that Bright has until February 9, 2018 to file the amended complaint.

IT IS SO ORDERED.

DATED this 5th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE