Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148
Phone: (800) 400-6808 x7
Fax: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Rocky D. Bright*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Rocky D. Bright,<br><br>　　　　　Plaintiff,<br>v.<br><br>Bergstrom Law, LTD and<br>Arrowood Indemnity Company,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-01971-JAD-VCF<br><br>**Plaintiff's Motion for Summary Judgment** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Rocky D. Bright hereby moves this Court for an order granting summary judgment in his favor and against Defendants Bergstrom Law, LTD and Arrowood Indemnity Company.

Summary judgment is proper on the grounds that Plaintiff's claims are meritorious and there are no triable issues as to any material fact and Plaintiff is entitled to judgment as a matter of law. This motion is based upon this Notice, the records and papers on file herein, the accompanying Memorandum of Points and Authorities, declarations, exhibits and such other evidence as may be presented at the hearing of this motion.

DATED this 17th day of April 2018.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
6069 S Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

**Table of Contents**

I.   Introduction ...................................................................................................... 4

II.  Statement of Undisputed Facts ........................................................................ 5

III. Legal Standard .................................................................................................. 6

   A. Summary Judgment ........................................................................................ 6

   B. The Fair Debt Collection Practices Act .......................................................... 7

   C. The Least Sophisticated Consumer Standard ................................................. 7

   D. The FDCPA is a strict liability statute ............................................................ 8

IV.  Argument .......................................................................................................... 8

   A. BLL admits it violated the FDCPA as a matter of law under Rule 36 ........... 9

   B. Under the Issue Preclusion doctrine, the Nevada court's ruling is conclusive 10

   C. No genuine issues of material fact exist as to whether the FDCPA applies ..... 11

   D. No genuine issues of material fact exist as to whether Defendants violated the FDCPA ........................................................................................................ 13

V.   Conclusion ..................................................................................................... 14

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. Introduction

Plaintiff Rocky D. Bright (hereinafter "Plaintiff" or "Bright") brought this action against Defendants Bergstrom Law, LTD ("BLL") and Arrowood Indemnity Company ("Arrowood" and jointly as "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter the "FDCPA" or the "Act"). Plaintiff moves this Court for summary judgment on his FDCPA claims because no genuine issues of material fact exist to find liability under the Act.

Plaintiff defaulted on his student loans in 2008. Well over six years later, Defendants filed suit against Plaintiff to collect on the loans in State court. The State court has already determined that NRS 11.190's six-year statute of limitations applied and barred Defendant's claims. These findings by the State court are conclusive under the issue preclusion doctrine. The law is clear that a debt collector violates the FDCPA by filing and prosecuting a time-barred claim. *E.g.*, *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008).

Furthermore, Plaintiff's requests for admissions are deemed admitted under Rule 36 of the Federal Rules of Civil Procedure because BLL failed to respond.

Defendants violated section 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1) and 1692d when they filed a time-barred debt collection lawsuit against Plaintiff. *See Todorov v. Easy Loans Corp.*, No. 2:13-cv-01264-MMD-GWF, 2014 U.S. Dist. LEXIS 84484, at *15 (D. Nev. June 19, 2014). Defendants continued to prosecute the case, knowing it was time-barred.

This is not the first the case in which BLL violated the FDCPA and refused to engage in discovery. *See Lyon v. Bergstrom Law, Ltd.*, No. 1:16-cv-00401-DAD-SKO, 2017 U.S. Dist. LEXIS 148451, at *2 (E.D. Cal. July 10, 2017) (granting default judgment for violations of the FDCPA and awarding statutory damages); *see also Lyon v. Bergstrom Law, Ltd.*, No. 1:16-cv-00401-DAD-SKO, 2017 U.S. Dist.

LEXIS 145838, at *1 (E.D. Cal. Sep. 7, 2017) (Order to show cause why [BLL's] attorneys' conduct should not be reported to the state bars of California and Nevada). No genuine issues of material fact exist and this Court should therefore enter summary judgment in Plaintiff's favor.

## II. Statement of Undisputed Facts

### A. Background

In 2001 and 2002, Plaintiff applied for student loans from Citibank, together with a co-signor, Linda Hinton ("Hinton"), Plaintiff's mother. Bright Dec., Ex. A (student loan applications and attached promissory notes). Citibank granted the loans and Plaintiff was set to begin making payments in 2004. *Id.*, Ex. B (loan disclosures). In 2008, Plaintiff stopped making payments and no additional payments were made on the loan. *Id.* at ¶ 4; Jan. 8, 2018 Order, Kind Dec., Ex. 1.

Citibank then exercised its right under the loan agreements and accelerated the loans. Kind Dec., Ex. 3, pp. 35-38 (Citibank proof of claim in Hinton's bankruptcy case);[1] Collection Complaint, *Id.* at Ex. 2, ¶ 14. Arrowood was assigned the loan from Citibank after default in 2008. *Id.* at Ex. 3, pp. 40-42 (proofs of assignment).

### B. The Collection Lawsuit

On May 11, 2017, Defendants brought suit against Plaintiff for Breach of Promissory Note in the Eighth Judicial District Court, Clark County, Nevada, case number A-17-754808-C (the Collection Complaint"). Collection Complaint, *Id.* at Ex. 2. The Collection Complaint falsely alleged that the note was signed by Plaintiff on August 29, 2016. *Id.*; Bright Dec., ¶¶ 4, 5. The loans were entered in 2001 and 2002 and went into default in 2008. *Id.*; Jan. 8, 2018 Order, Kind Dec., Ex. 1.

In the Collections case, Plaintiff raised the statute of limitations issue from the start but Defendants refused engage in discovery. *See* Jan. 8, 2018 Order, Kind Dec.,

---

[1] This Court may take judicial notice of these records under Rule 201 of the Federal Rules of Evidence since they were filed on the public bankruptcy docket and considered by the Nevada state court and they cannot reasonably be questioned and are not subject to dispute.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

Ex. 1. Plaintiff filed his motion for summary judgment on November 13, 2017. *Id.* at Ex. 3. Defendants filed an opposition and a hearing was held on January 4, 2018.  Jan. 8, 2018 Order, *Id.* at Ex. 1.   Defendants also filed a countermotion for summary judgment that was denied. *Id.*

### C. The State Court's Finding and Rulings

On January 8, 2018, Hon. Jerry A. Wiese, Eighth Judicial District Court Judge for Department 30, entered an Order granting Bright's motion for summary judgment and closed Defendants' collection time-barred lawsuit. *Id.* The court ruled that Nevada's six-year statute of limitations applied and the claims were barred by NRS 11.190(1)(b).  *Id.*   The court also held that Bright's requests for admissions were deemed admitted under Nevada's rules of civil procedure since Defendants failed to respond. *Id*. The court entered judgment in Bright's favor and closed the case.

### D. Procedural History

Plaintiff filed his Complaint on July 19, 2017 against BLL. ECF No. 1. BLL filed its Answer on October 20, 2017.  ECF No. 5. On February 5, 2018, this Court granted Plaintiff's motion to amend the complaint to include, among other things, allegations against Arrowood.   ECF No. 12.   Plaintiff filed his first amended complaint on the same day.  ECF No. 13.  Defendants filed their answer on February 26, 2018. ECF No. 20.

Throughout this case, BLL, a debt collection law firm that represents itself and Arrowood in this case, has refused to participate in discovery.  This started when BLL refused to participate in the Rule 26(f) conference or to join in a discovery plan. *See* ECF No. 9, pp. 1:24-2:2.   BLL never responded to Plaintiff's discovery requests.  Kind Dec., ¶¶ 4-8, Ex. 4-6.

## III.  Legal Standard

### A. Summary Judgment

Summary judgment is appropriate where the admissible evidence shows that "there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1447 (D. Nev. October 7, 1994). The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, U.S. 398 U.S. 144 (1970). If the party seeking summary judgment meets this burden, the burden shifts to the nonmoving party, and summary judgment will be granted "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986). Questions of reasonableness are "appropriate for determination on [a] motion for summary judgment when only one conclusion about the conduct's reasonableness is possible there is no issue for trial." *In re Software Toolworks Inc. v. Painewebber Inc.*, 50 F. 3d 615, 622 (9th Cir. 1995) (quoting *West v. State Farm Fire & Casualty Co.*, 868 F. 2d 348, 351 (9th Cir. 1989) (internal alterations omitted)).

**B. The Fair Debt Collection Practices Act**

Seeking to somewhat level the playing field between consumers and debt collectors, the FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

The Act prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Section 1692f states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

**C. The Least Sophisticated Consumer Standard**

FDCPA claims must be viewed from the perspective of the least sophisticated

consumer. *E.g.*, *McCurdy v. Prof'l Credit Serv.*, No. 6:15-CV-01498-AA, 2015 U.S. Dist. LEXIS 151532, at *7 (D. Or. Oct. 30, 2015); *Gonzales*, 660 F.3d 1055, 1061-62 (the standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive; "The 'least sophisticated debtor' standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor"). Since Plaintiff's claims are brought under the FDCPA, the least sophisticated consumer standard applies.

### D. The FDCPA is a strict liability statute

The FDCPA is a strict liability statute. *E.g.*, *Prince v. United States Bancorp*, No. 2:09-CV-01095-KJD-PAL, 2010 U.S. Dist. LEXIS 91491, at *19 (D. Nev. Aug. 25, 2010) (it is well-settled that the FDCPA is a strict liability statute); *Heintz*, 514 U.S. at 292 (A plaintiff need not prove either that defendants knew that their debt collection practices were illegal or that they intended to violate the law.); *Reichert*, 531 F.3d at 1004 ("[T]he FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional.") (*citing Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006)); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) (the FDCPA does not require proof of intentional violation). Therefore, Plaintiff need not show a knowing or intentional false misrepresentation on the part of Defendants and only needs to show that Defendants violated a provision of the FDCPA.

### IV. Argument

This Court should grant Plaintiff's motion for summary judgment because (1) BLL admits it violated the FDCPA as a matter of law under Rule 36 (2) the State court's findings are conclusive (3) no genuine issues of material fact exists as to whether the FDCPA applies and (4) no genuine issues of material fact exists as to whether Defendants violated the FDCPA.

**A. BLL admits it violated the FDCPA as a matter of law under Rule 36**

Under Rule 36(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *See Saroyan Lumber Co. v. El & El Wood Prods. Corp.*, 126 F. App'x 371, 372 (9th Cir. 2005) (unpublished) (where plaintiff failed to timely respond to defendants' request for admissions, and had not responded by discovery cutoff, thus prejudicing defendants' ability to respond to issues, summary judgment based upon admissions was affirmed).

Summary judgment is proper based on admitted matters under Rule 36. *Am. Tech. Corp. v. Mah*, 174 F.R.D. 687, 690 (D. Nev. 1997) (FRCP 36 does not require motion for court's imprimatur on unanswered requests for admissions since the rule is self-executing). "It appears well settled that a failure to respond to a request to admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive." *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966); *Luick v. Graybar Elec. Co.*, 473 F.2d 1360, 1362 (8th Cir. 1973); *Donovan v. Carls Drug Co.*, 703 F.2d 650, 651 (2d Cir. 1983); *Chi. Dist. Council Of Carpenters Pension Fund v. P.M.Q.T., Inc.*, 169 F.R.D. 336, 341 (N.D. Ill. 1996) (the purpose of Rule 36 would be defeated if parties were permitted to contest admitted matters under Rule 56); *McNeil v. AT&T Universal Card*, 192 F.R.D. 492 (E.D. Pa. 2000). The same rule applies under Nevada Rules of Civil Procedure. *Wagner v. Carex Investigations & Sec. Inc.*, 93 Nev. 627, 630 (1977); *Graham v. Carson-Tahoe Hosp.*, 91 Nev. 609, 610 (1975) (admission as a matter of law based on Rule 36(a) provides sufficient basis for grant of summary judgment).

Plaintiff served his discovery requests, including his requests for admissions, on November 13, 2017 on BLL. Kind Dec., Ex. 5-6. BLL never responded. *Id.* at ¶ 6. Thus, BLL has admitted as a matter of law that:

(1) BLL is a "debt collector" under the FDCPA. *Id.* at Ex. 5, ¶¶ 2-3

(admitting that its principal purpose is debt collection and it regularly collects debts owed to another).[2]

(2) Defendants' Collection Complaint falsely stated the date Plaintiff executed the loan agreement. *Id.* at Ex. 5, ¶¶ 6-8.

(3) No payments were made on the loan since 2008. *Id.* at ¶ 9.

(4) The statute of limitations on the loan began to run in 2008. *Id.* at ¶ 11.

These requests were made in straightforward language and it would have been easy for BLL to simply admit or deny those requests. BLL failed to meet the 30 day deadline for responding to Plaintiff's requests for admissions. Kind Dec., ¶ 6. Therefore, under Rule 36, Plaintiff's requests for admission are as a matter of law deemed admitted. There is no conceivable "genuine issue as to any material fact," that would entitle Defendants to judgment in their favor and Plaintiff's motion for summary judgment should be granted.

### B. Under the Issue Preclusion doctrine, the Nevada court's ruling is conclusive

Under the doctrine of issue preclusion, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 326 (9th Cir. 1988) (citing *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985)). "The issue in the prior action must be identical to the issue for which preclusion is sought." *Id.* The party against whom issue preclusion is asserted must have litigated that issue in an earlier action and lost. *Id.* (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979)).

---

[2] "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

> Four factors must be met for issue preclusion to apply: (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated.

*Howard v. Sandoval (In re Sandoval)*, 126 Nev. 136, 139, 232 P.3d 422, 423 (2010).

All four factors are met here. First, the issues are identical: whether Defendants' collection claims were time-barred. Second, the State court's ruling was on the merits and are final. *See* Jan. 8, 2018 Order, Kind Dec., Ex. 1 (granting summary judgment and closing the case). Third, Defendants were, of course, parties in the Collection case. Finally, the issue was actually and necessarily litigated since the State court specifically granted summary judgment on Brights claims that the debt was time-barred under NRS 11.190(1)(b). *See Id*; Bright's Mot. Summ. J., Kind Dec., Ex. 3 (arguing the claims were time-barred). Thus, issue preclusion applies and Defendants may not challenge the State court's findings that their collection claims were time-barred.

**C. No genuine issues of material fact exist as to whether the FDCPA applies**

This Court should grant summary judgment in Plaintiff's favor because no genuine issues of fact exist as to the FDCPA's application to Defendants' actions in this case since (1) Defendants are each a "debt collector," (2) Plaintiff is a "consumer," and (3) the underlying loan was a consumer "debt."

First, as discussed above, BLL is a "debt collector" under the FDCPA. Kind DEc., Ex. 5, ¶¶ 2-3 (admitting it regularly collects debt for others and is in the principal business of collecting debts); *Heintz*, 514 U.S. 291, 115 S. Ct. 1489 (FDCPA applies to law firms even in litigation); *McCollough*, 637 F.3d at 947 (applying FDCPA strict liability for collection law firm); *Lopez Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796, 804 (N.D. Cal. 2008) (same). Arrowood is also a debt collector. Kind Dec., Ex. 3, pp. 40-42 (Arrowood started collecting the debt

after Plaintiff defaulted with Citibank); *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1262 (9th Cir. 1996) ("The FDCPA does not provide an exemption for guaranty agencies that acquire a student loan after default in order to pursue its collection.").

Plaintiff is a "consumer" under the FDCPA. 15 U.S.C. § 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *E.g.*, *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 2015 U.S. App. LEXIS 9295 (2d Cir. N.Y. 2015) ("the Plaintiffs are 'consumers' because [the debt collector] claims that they are obligated to pay the balance") (citing section 1692a(3)).  Thus, Plaintiff is a "consumer" because he was sued and alleged to owe debt.

No genuine issue of material fact exists that Defendants sought to collect "debt," covered under the Act from Plaintiff. The FDCPA applies to attempts to collect any debt incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).  Student loans are plainly covered by the Act. *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260 (9th Cir. 1996); *Juras v. Aman Collection Serv., Inc.*, 829 F.2d 739 (9th Cir. 1987); *Urquiaga v. Fin. Bus. & Consumer Solutions, Inc.*, 2016 WL 6877735 (S.D. Fla. Nov. 22, 2016) (collecting cases); *Carrigan v. Cent. Adjustment Bureau, Inc.*, 494 F. Supp. 824 (N.D. Ga. 1980). Here, Plaintiff is alleged to owe Defendants money for student loans. Collection Complaint, Kind Dec., Ex. 2. Plaintiff's student loan debt at issue here was therefore a "debt" under the Act since it was incurred primarily for personal, family, or household purposes. This Court should therefore find that there is no factual dispute that the FDCPA applies to Defendants' actions in this case.

///

///

### D. No genuine issues of material fact exist as to whether Defendants violated the FDCPA

Since the first case to consider this issue, courts have held that it is a violation of the FDCPA to file a time-barred collection suit against a consumer. *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987). The court found strong legal and ethical policies against filing suits after the statute of limitations had expired. *Id.* "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt." *E.g.*, *McCollough*, 587 F. Supp. 2d at 1176 (compiling cases); *McCollough*, 637 F.3d 939; *Todorov*, No. 2:13-cv-01264-MMD-GWF, 2014 U.S. Dist. LEXIS 84484, at *11; *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987).

Defendants violated section 1692e, prohibiting a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Under section 1692e(2), a debt collector may not falsely represent "the character, amount, or legal status of any debt." Under section 1692e(5), "the threat to take any action that cannot legally be taken or that is not intended to be taken" is unlawful. Under 1692e(10), a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." Prosecuting a time-barred debt violates section 1692e(2) and (10). *E.g.*, *Kimber*, 668 F. Supp. at 1489; *see also McCollough*, 637 F.3d 939. Defendant also violated section 1692e(5) when they threatened to take legal action that cannot legally be taken since the claims were barred by NRS 11.190.

Defendants further violated section 1692e when they, knowing the debt was time-barred, falsely alleged that the note was signed by Plaintiff on August 29, 2016. Collection Complaint, Kind Dec., Ex. 2, ¶ 5. In fact it was signed in 2001 and 2002 and defaulted on in 2008. Bright Dec., ¶¶ 4, 5. After being aware of this error, Defendants refused to correct the inaccuracies and even moved for summary judgment on the inaccurate and deceptive complaint. Kind Dec., ¶ 15; Jan. 8, 2018

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

Order, Kind Dec., Ex. 1. Defendants thus violated section 1692e.

Defendants also violated section 1692f, that states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f(1) prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Prosecuting a time-barred debt violates section 1692f. *E.g.*, *Kimber*, 668 F. Supp. at 1489; *see also McCollough*, 637 F.3d 939.[3] Defendants continued to prosecute the case, knowing the debt was time-barred, after Plaintiff filed his motion for summary judgment, and after acknowledging the Collections Complaint had inaccuracies. Kind Dec., ¶ 15; Jan. 8, 2018 Order, Kind Dec., Ex. 1. Defendants thus continued to prosecute the case, knowing it was time-barred.

As discussed above, the FDCPA is a strict liability statute and Defendants have no defense. *E.g.*, *McCollough*, 587 F. Supp. 2d at 1176. Thus, Defendants violated sections 1692e and 1692f and summary judgment should be entered in Plaintiff's favor.

**V.   Conclusion**

Plaintiff is entitled to summary judgment. It is undisputed that Defendants sued Plaintiff for a time-barred debt, in violation of sections 1692e and 1692f. This was conclusorily established by the State court. Defendant's complaint also falsely stated that Plaintiff signed the loan agreements in 2016, even though they were signed in 2001 and 2002 and defaulted upon in 2008, in violation of section 1692e.

Based on the undisputed facts, Defendants violated the FDCPA and this Court should grant Plaintiff's motion for summary judgment as to the First Cause of Action brought in Plaintiff's Amended Complaint. Plaintiff respectfully requests

---

[3] Defendants also violated section 1692d when it filed a time-barred debt collection lawsuit. *Todorov*, No. 2:13-cv-01264-MMD-GWF, 2014 U.S. Dist. LEXIS 84484, at *15.

that this Court award statutory damages of $1,000.00 to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A), with Plaintiff's actual damages sustained to be determined by the jury.

DATED this 17th day of April 2018.

                    Respectfully submitted,

                    **KAZEROUNI LAW GROUP, APC**

By: /s/  Michael Kind
      Michael Kind, Esq.
      6069 S Fort Apache Road, Suite 100
      Las Vegas, Nevada 89148
      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY pursuant to Rule 5 of the Federal Rules of Civil Procedure that on April 17, 2018, the foregoing Motion for Summary Judgment was filed and served via CM/ECF to all parties appearing in this case.

**KAZEROUNI LAW GROUP, APC**

By: /s/   Michael Kind
   Michael Kind
   6069 South Fort Apache Road, Suite 100
   Las Vegas, Nevada 89148