# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Rocky D. Bright,

    Plaintiff

v.

Bergstrom Law, LTD and
Arrowood Indemnity Company,

    Defendants

Case No.: 2:17-cv-01971-JAD-VCF

**Order Granting in Part Motion for Summary Judgment**

[ECF No. 23]

    Rocky D. Bright claims that he suffered damages after Bergstrom Law, LTD, at the behest of it client, Arrowood Indemnity Company, filed a time-barred claim in Nevada state court to collect Bright's outstanding student loan debt.[1] Bright claims that the Bergstrom firm falsely alleged that the loan agreements were executed in 2016, when they were in fact executed in 2001 and 2002.[2] Bright won the state court case at the summary-judgment stage and sues Bergstrom and Arrowood in federal court for violations of the Fair Debt Collection Practices Act (FDCPA). Bright now moves for summary judgment in his favor,[3] and Bergstrom and Arrowood did not oppose Bright's motion. Because the record establishes that Bergstrom violated three sections of the FDCPA, but there is no evidence to show that Arrowood qualifies as a debt collector under the FDCPA, I grant Bright's motion in part and enter summary judgment against Bergstrom as to liability only.[4]

---

[1] ECF No. 1.
[2] *Id.*
[3] ECF No. 23.
[4] ECF No. 23 (Bright's motion for summary judgment).

# Background

Bright applied for and obtained student loans from Citibank in 2001 and 2002, and his mother, Linda Hinton, co-signed on the loans.[5] But Bright stopped repaying the loans some time in 2008,[6] and Hinton filed a voluntary petition under Chapter 13 of the Bankruptcy Code the same year.[7] Citibank filed proof of claims in Hinton's bankruptcy case,[8] which it later assigned to Arrowood.[9]

Four years later, Arrowood, represented by the Bergstrom firm, sued Bright and Hinton in Nevada state court for breach of contract.[10] Arrowood alleged that Bright signed the promissory note securing the loans on August 29, 201**6**.[11] Bright raised the statute of limitations as a defense, and Arrowood refused to participate in discovery. The state court ultimately granted summary judgment in favor of Bright and against Arrowood,[12] finding that Arrowood's claim was time-barred under NRS 11.190(1)(b).[13]

Two months later, Bright filed this federal action alleging that the Bergstrom firm violated the FDCPA by bringing that meritless state court action.[14] I later granted Bright leave to

---

[5] ECF No. 23 at 4–13 (credit applications).
[6] ECF No. 23–1 at 1, ¶ 4 (Bright declaration).
[7] *In re Linda Hinton*, Case No. 08-11000, at ECF No. 1, 58, 61 (Bankr. D. Nev.).
[8] ECF No. 23–5 at 36–39.
[9] *Id*. at 41–42.
[10] ECF No. 23–4 at 4–6.
[11] *Id*. at 5, ¶ 5 (state court complaint).
[12] ECF Nos. 23–5 at 9–11, 16; 23–3 at 2–3.
[13] ECF No. 23–3 at 2–3.
[14] *Compare* ECF No. 23–4 (Arrowood's state court complaint filed on May 11, 2017) *with* ECF No. 1 (Bright's complaint filed on July 19, 2017).

add claims against Arrowood, which he did.[15] Bright claims that Bergstrom and Arrowood refused to participate in discovery, and he now moves for summary judgment against them both.

## Discussion

### A.  Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[16] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[17] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[18]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[19] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[20]

---

[15] ECF Nos. 12 (order), 13 (amended complaint).
[16] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).
[17] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).
[18] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).
[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.
[20] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

**B.      Effect of Bergstrom's failure to respond to Bright's requests for admissions**

Federal Rule of Civil Procedure 36(a) allows "[a] party [to] serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: the facts, the application of law to fact, or opinions about either:"[21]  "The matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer . . . addressed to the matter and signed by the party or its attorney."[22]  "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[23]

The evidence shows that Bright served Bergstrom with requests for admissions and that the law firm failed to respond.[24]  By failing to timely respond, the firm admitted the truth of the statements in Bright's requests.[25]  These admissions are that the Bergstrom firm is a debt collector under the FDCPA, there were discrepancies in the complaint, and the state court complaint that it filed falsely represented the date on which the loan agreements were executed.[26]

**C.      Summary judgment against Bergstrom is appropriate on this record, but not against Arrowood.**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

---

[21] Fed. R. Civ. P. 36(a)(1)(A).
[22] *Id.* at 36(a)(3).
[23] *Id.* at 36(b).
[24] ECF Nos. 23–7; 23–8; *see* ECF No. 23–6.
[25] *See* Fed. R. Civ. P. 36(a)(3).
[26] ECF No. 23–7 at 2.

consumers against debt collection abuses."[27] The FDCPA holds debt collectors strictly liable for abusive debt-collection practices.[28]

### 1. Bright has established Bergstrom but not Arrowood as a debt collector.

Bright contends that Bergstrom and Arrowood are both debt collectors under the FDCPA.[29] The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[30] Bergstrom's status as a debt collector under the FDCPA has been conclusively established as a result of its failure to timely respond to Bright's requests for admissions.[31] The Bergstrom firm admitted to using "an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts" and that it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[32] So the firm qualifies as a debt collector under the FDCPA.

But there is insufficient evidence to support the inference that Arrowood is a debt collector under the FDCPA. Bright's requests for admissions were directed to Bergstrom alone, so Arrowood admitted nothing by Bergstrom's failure to respond.[33] Bright provides Arrowood's

---

[27] 15 U.S.C. § 1692.

[28] *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1176 (9th Cir. 2011).

[29] ECF No. 1.

[30] 15 U.S.C. § 1692a.

[31] *See* Fed. R. Civ. P. 36(a)(3), (b).

[32] ECF No. 23–7 at 2.

[33] *Id.* Bright does provide requests for admissions that he contends Arrowood was served with in the state action and failed to timely respond to, *see* ECF No. 23–5 at 48–49, but Rule 36 of the Nevada Rules of Civil Procedure, like its federal counterpart, states that "any admission made by

5

assignment agreement to show that it qualifies as a debt collector under the FDCPA. However, executing an assignment agreement is not tantamount to using "an instrumentality of interstate commerce or the mails in any business" for the purpose of collecting a debt, and Bright does not explain how it is.[34] So Bright is not entitled to summary judgment against Arrowood.

### 2. Bright is entitled to summary judgment against the Bergstrom Firm.

Bright alleges that Bergstrom violated five separate provisions of the FDCPA—1692e(2), 1692e(5), 1692e(10), 1692f generally, and 1692f(1)—and he seeks summary judgment on all alleged violations.[35] His theory under section 1692e(2) is that Bergstrom violated this provision by "prosecuting a time-barred debt."[36] A debt collector violates this section of the FDCPA if it falsely represents "the character, amount, or legal status of any debt."[37] A debt collector will be held strictly liable for violating this section unless it raises and satisfies the bona fide error defense.[38] The Ninth Circuit has recognized that a law firm that serves a complaint on a debtor and falsely represents the character, amount, or legal status of that debt can be found to have violated the FDCPA.[39]

Bright's evidence shows that, in the complaint that Bergstrom drafted, filed, and served on behalf of Arrowood in the state court action, Bergstrom alleged that Bright executed the loan

---

a party under [that] rule" cannot "be used against the party in any other proceeding." Nev. R. Civ. P. 36(b).

[34] 15 U.S.C. § 1692(a).
[35] ECF No. 23.
[36] *Id.* at 13:19.
[37] 15 U.S.C. § 1692(e)(2).
[38] *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).
[39] *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031–32 (9th Cir. 2010).

agreement on August 29, 2016.[40]  But Bergstrom has admitted that it was not aware that Bright had executed a loan agreement in Arrowood's favor on that date,[41] and Bright's loan agreements were actually signed years earlier in 2001 and 2002.[42]  Bright is therefore entitled to summary judgment on his FDCPA § 1692e(2) theory.

Bright argues that Bergstrom violated § 1692e(5) by threatening "to take legal action that cannot legally be taken since the claims were barred by NRS 11.190."[43]  A debt collector violates § 1692e(5) when it "threat[ens] to take any action that cannot legally be taken or that is not intended to be taken."[44]  However, Bright provides no evidence that Bergstrom threatened to sue or otherwise collect on the debt.  The evidence shows that Bergstrom took legal action, not that it also threatened to do so.  Bright is therefore not entitled to summary judgment on his claim that Bergstrom violated § 1692e(5) of the FDCPA.

Bright next contends that Bergstrom violated section 1692e(10) by "prosecuting a time-barred debt."[45]  A debt collector violates this section of the FDCPA if it "use[s] any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer."[46]  By falsely representing in the state court case that Arrowood's breach of contract claim was still legally viable (i.e., not time-barred), Bergstrom violated § 1692e(10).  Accordingly, Bright is entitled to summary judgment on this theory, too.

---

[40] ECF No. 23–7 at 5, ¶ 5.
[41] *Id*. at 3, ¶ 8.
[42] *See id*. at 3, ¶¶ 6, 8.
[43] ECF No. 23 at 13.
[44] 15 U.S.C. § 1692e(5).
[45] ECF No. 23 at 13.
[46] 15 U.S.C. § 1692e(10).

Lastly, Bright seeks summary judgment on his claim that Bergstrom violated § 1692f and § 1692f(1) by prosecuting a time-barred debt.[47] A debt collector violates § 1692f by "us[ing] unfair or unconscionable means to collect or attempt to collect any debt,"[48] and § 1692f(1) by "collect[ing] any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."[49] Bright neither alleges nor provides evidence to show that the amount sought by Bergstrom in the state case was not expressly authorized by the loan agreements. So he is not entitled to summary judgment for alleged violations of § 1692f(1).

Bright cites several cases for the proposition that prosecuting a time-barred debt is an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of § 1692f.[50] Among them is the U.S. District Court for the Middle District of Alabama's decision in *Kimber v. Federal Financial Corporation*.[51] The *Kimber* plaintiff argued that the debt-collector defendant violated § 1692f when it sued her in state court to collect on a debt that appeared to be time-barred without a reasonable inquiry into whether the limitations period was tolled.[52] The district court agreed, explaining that "statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system."[53] "They reflect a strong public policy, as determined by the legislative bodies and courts, that 'it is

---

[47] ECF No. 23 at 14.
[48] 15 U.S.C. § 1692f.
[49] 15 U.S.C. § 1692f(1).
[50] ECF No. 23 at 13–14 (collecting cases).
[51] *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987).
[52] *Id.* at 1486–87.
[53] *Id.* at 1487 (quoting *Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980)).

8

*unjust* to fail to put the adversary on notice to defend within a specified period of time and that the right to be free from stale claims in time comes to prevail over the right to prosecute them.'"[54] Because the record showed that the debt was stale and there was "no question" that the debt collector's attorney "did not, prior to filing the lawsuit, make a determination after a reasonable inquiry that the limitations period was due to be tolled,"[55] the district court concluded that the debt collector's "conduct was unjust and unfair, and in violation of public policy as well as the" FDCPA.[56]

I find *Kimber* persuasive, and I apply its approach here. The first part of the analysis is met because, when the state court granted summary judgment in favor of Bright, it expressly found that Arrowood's claims were "barred by the statute of limitations under NRS 11.190(1)(b) . . . ."[57] The second part of the analysis is satisfied because there is no direct evidence that Bergstrom conducted any inquiry before it filed its action against Bright alleging a 2016 contract. Indeed, Bergstrom admits that it had no knowledge that Bright signed any loan agreement more recently than 2002.[58] Bergstrom also told Bright's attorney during the state case "that there were 'some minor discrepancies in the Complaint' and that he planned to amend" it.[59] As the complaint contains only two material facts—Bright executed a loan agreement in favor of Arrowood "[o]n or about August 29, 2016," and "a variable rate applies to the balance of the"

---

[54] *Id.* (quoting *U.S. v. Kubrick*, 444 U.S. 111, 117 (1979), and *Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342 (1944)).
[55] *Id.* at 1488.
[56] *Id.*
[57] ECF No. 23–3 at 2.
[58] *See* ECF No. 23–7 at 3, ¶¶ 5–8.
[59] ECF No. 23–5 at 16, ¶ 7.

agreement[60]—this is a tacit admission that Bergstrom fired off the complaint without conducting any inquiry whatsoever. Like in *Kimber*, this record reflects that Bright's debt to Arrowood was stale and that Bergstrom's filing based on a material misrepresentation of the age of the debt was unfair and unconscionable. Bright is therefore entitled to summary judgment on his claim that Bergstrom violated § 1692f of the FDCPA.

## Conclusion

Accordingly, it is HEREBY ORDERED that **Bright's motion for summary judgment [ECF No. 23] is GRANTED** in part. **Bright is entitled to summary judgment on Bergstrom's <u>liability only</u> for violations of FDCPA §§ 1692e(2) and (10), and § 1692f.** The motion is **DENIED** in all other respects. This case is referred to the magistrate judge to schedule a mandatory settlement conference.

DATED: July 18, 2018

_____
Jennifer A. Dorsey
United States District Judge

---

[60] ECF No. 23–4 at 4–6.